UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JMF DEVELOPMENT LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:06-cv-1711-DFH-WTL |
| | ) |
| CB 36, LLC, | ) |
| | ) |
| Defendant. | ) |

ENTRY

The court has reviewed the extensive briefing on plaintiff's motion for leave to file an amended complaint, as well as Magistrate Judge Lawrence's entry of December 17, 2007. Because of the potential effect on the court's jurisdiction, the undersigned is addressing the matter. Plaintiff contends that it can add a non-diverse defendant without undermining jurisdiction. Plaintiff suggests that it is merely substituting a party under Rule 25(c) of the Federal Rules of Civil Procedure, which would not affect subject matter jurisdiction (see *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991)), and that the non-diverse defendant would be only a "nominal" party whose presence would not defeat jurisdiction. The court disagrees with those suggestions.

First, the court concludes that Rule 25(c) does not apply to plaintiff's proposal to add as a defendant the buyer of what was defendant's principal asset.

What was transferred was not an "interest" in the lawsuit, which is the subject of Rule 25(c), but only an asset (apparently the only substantial asset) of the defendant. That fact distinguishes this case from *Burka v. Aetna Life Ins. Co.*, 87 F.3d 478 (D.C. Cir. 1996), in which Rule 25(c) was used to add as a defendant the buyer of real estate where the issue in the lawsuit was who actually owned the real estate, and from *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991), in which the plaintiff transferred its interest in the contract that was the subject of the litigation itself.

Second, plaintiff's proposed amended complaint does not treat the buyer as only a "nominal" party whose citizenship could be disregarded for purposes of diversity jurisdiction. The proposed amended complaint seeks significant coercive relief directly against the buyer. Accordingly, plaintiff's proposed amended complaint would defeat jurisdiction.

More promising is plaintiff's alternative proposal to add as defendants the individual members of defendant limited liability company, who presumably received any distributions of profits from the sale of the property. If there was a fraudulent transfer, it more likely would have been the distribution of the profits to defendant's members rather than the sale of the property to a third property. Accordingly, without further motion practice or briefing, plaintiff is hereby granted leave to file an amended complaint **no later than February 8, 2008**, adding as defendants the members of defendant CB 36, LLC. Because that amended

complaint will add new parties, the new defendants shall have 28 days after service of process to respond to the amended complaint. Defendant CB 36, LLC shall have 28 days after service of the amended complaint to respond to it.

So ordered.

Date: January 25, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Honorable William T. Lawrence
277 Birch Bayh U.S. Courthouse
46 East Ohio Street
Indianapolis, Indiana  46204

Michael Ryan Hartman
BINGHAM MCHALE, LLP
mhartman@binghammchale.com

Douglas Ryan Healey
ICE MILLER LLP
douglas.healey@icemiller.com

Michael Joseph Lewinski
ICE MILLER LLP
michael.lewinski@icemiller.com

Rafael A. Sanchez
BINGHAM MCHALE LLP
rsanchez@binghammchale.com